UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ORION IP, LLC,**<br>        **a Delaware Limited Liability**<br>        **Corporation**<br><br>                **Plaintiff,**<br><br>v.<br><br>**HOME DEPOT USA, INC.**<br>        **a Delaware Corporation, et al**<br><br>                **Defendants.** | **Civil Action No. 2:05-CV-306 LED**<br><br><br>        **JURY DEMANDED**<br><br><br>**The Honorable Leonard Davis**<br>**United States District Judge** |

## DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S MOTION TO DISMISS OR STAY

Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") moves for an order dismissing this action. In the alternative, TMS moves for a stay of this action (the "Second Action") pending resolution of the identical infringement allegations against the identical defendants by the identical plaintiff in a separate lawsuit that was filed almost a year ago, *Orion IP, LLC v. Staples, Inc., et al.*, Civil Action No. 2:04-CV-297 (LED) (E. D. Tex.) (the "First Action").

Plaintiff Orion IP, LLC ("Orion") filed this Second Action only hours after this Court struck untimely infringement allegations that Orion had made in the First Action, with prejudice, and made clear that other untimely infringement allegations would not be permitted. Orion now seeks to pursue exactly what this Court made clear Orion could not pursue in the First Action -- untimely infringement allegations.

Orion should not be permitted to circumvent this Court's order in the First Action. "When a court enters an order that a party does not like, the party's recourse is to seek relief on appeal; it is not appropriate for the party to contest the court's order by filing a new action . . .

challenging the court's ruling in the first case." *Glitsch, Inc. v. Koch Engineering Co., Inc.* 216 F.3d 1382, 1384 (Fed. Cir. 2003)

This motion to dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(6) and should be granted for the following wholly independent reasons:

(1)     The infringement claims that are asserted in this Second Action were compulsory counterclaims to TMS's declaratory judgment claims in the First Action;

(2)     The doctrine of claim splitting prohibits a litigant from splitting its claims into multiple actions;

(3)     The doctrine of collateral estoppel bars Orion from re-litigating the timeliness of its infringement contentions; and

(4)     This Second Action constitutes an impermissible attack on this Court order in the First Action.

The alternative motion to stay is brought pursuant to the Court's inherent power to stay litigation pending resolution of an earlier-filed action that will have *res judicata* and *collateral estoppel* effect on the stayed action.

I.      STATEMENT OF FACTS

Nearly one year ago, Orion commenced the First Action. *See* Complaint (filed Aug. 11, 2004) (Ex. A[1]). Later, Orion amended this complaint to name TMS as a defendant. *See* First Amended Original Complaint (filed Aug. 26, 2004) (Ex. B).

TMS twice filed a counterclaim in the First Action for a "declaratory judgment that it does not infringe any claim of the patents in suit." Answer and Counterclaim (filed Oct. 27, 2004) (Ex. C); Amended Answer and Counterclaim (filed May 24, 2005) (Ex. D).

Several months after the Local Patent Rule (P.R.) 3-1 deadline for its preliminary infringement contentions ("PICs") and after the parties had filed their Joint Claim Construction Statement with this Court, Orion served amended PICs on TMS. Without good cause, the amended PICs charted systems that had never before been accused in conformance with the requirements of the Patent Rules.

TMS moved to enforce the Patent Rules. *See* Motion to Enforce (filed June 3, 2005) (Ex. E); Reply (filed June 15, 2005) (Ex. F). This motion was granted. *See* Order (filed July 7, 2005) (Ex. G). This Court struck Orion's amended PICs, <u>with prejudice</u>. This Court found that, "Plaintiff has not shown good cause for amending its PICs." Order at 3. This Court said that allowing new infringement contentions based on "theories that should have been disclosed initially . . . would be contrary to the purpose of the Patent Rules and prejudicial to defendants, who must rely on the specific positions articulated in PICs." *Id.* at 4.

Orion filed this lawsuit less than three hours later. In its Complaint, Orion asserts the very same two patents against the very same defendants and against the very same systems and methods. Indeed, the charging allegations of patent infringement are <u>absolutely identical</u> as in the First Action – word for word:

---

[1] All references to Exhibits are to the exhibits attached to the accompanying Declaration of J. Thad Heartfield.

## COMPARISON OF INFRINGEMENT CHARGING ALLEGATIONS

|  | Infringement ALLEGATIONS in First Action | Infringement ALLEGATIONS in Second Action |
|---|---|---|
| '342 Patent | Defendants [names omitted] have been and now are directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 patent in the state of Texas, in this judicial district, and elsewhere in the United states by, among other things, making and using **supply chain methods, sales methods, sales systems, marketing methods, marketing systems and inventory systems** covered by one or more claims of the '342 patent to the injury of Orion.<br><br>First Amended Complaint, ¶14 (emphasis added). | Defendants [names omitted] have been and now are directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 patent in the state of Texas, in this judicial district, and elsewhere in the United states by, among other things, making and using **supply chain methods, sales methods, sales systems, marketing methods, marketing systems and inventory systems** covered by one or more claims of the '342 patent to the injury of Orion.<br><br>Complaint, ¶14 (emphasis added). |
| '627 Patent | Defendants [names omitted] have been and now are directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 patent in the state of Texas, in this judicial district, and elsewhere in the United states by, among other things, making and using **supply chain methods, sales methods, sales systems, marketing methods, marketing systems and inventory systems** covered by one or more claims of the '627 patent to the injury of Orion.<br><br>First Amended Complaint, ¶20 (emphasis added). | Defendants [names omitted] have been and now are directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 patent in the state of Texas, in this judicial district, and elsewhere in the United states by, among other things, making and using **supply chain methods, sales methods, sales systems, marketing methods, marketing systems and inventory systems** covered by one or more claims of the '627 patent to the injury of Orion.<br><br>Complaint, ¶20 (emphasis added). |

## II.     ARGUMENT

Orion's attempt to circumvent this Court's order in the First Action by filing an identical complaint in this Second Action must fail. It is improper as a matter of law and the Complaint must be dismissed. The following independent grounds compel this result.

### A.     This Action is Barred under Fed. R. Civ. P. 13(a) Because it Asserts Claims that were Compulsory Counterclaims in the First Action

The Federal Circuit has held that a second lawsuit must be dismissed when its claims were compulsory counterclaims in a prior action. *See Polymer Industrial Products Co. et al. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003). That is the case here.

- 4 -

In *Polymer*, the plaintiff filed an action claiming patent infringement. The defendant counterclaimed for a declaratory judgment of non-infringement. Later, the plaintiff filed a second action against the same defendant for infringement of the same patent. The defendant moved to dismiss the second action for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The defendant alleged that the infringement claim in the second action arose out of the same transaction or occurrence as the declaratory judgment counterclaim that the defendant had brought in the first action and thus was a compulsory counterclaim in the first action.

The Federal Circuit agreed and affirmed the dismissal of the second action. *Id.* at 939. The Federal Circuit made clear that an infringement counterclaim is a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure to a declaratory judgment action for non-infringement. *Polymer*, 347 F.3d at 938. When a claim is a compulsory counterclaim in a first action, the Federal Circuit said, the party "is forever barred from asserting that claim in future litigation." *Id.*

This is precisely the situation here. Indeed, it is difficult to imagine a more analogous set of facts and circumstances.

In the First Action, Orion asserted that "supply chain methods, sales methods, sales systems, marketing methods, marketing systems and inventory systems" infringed the '342 and '627 patents. First Amended Original Complaint, ¶¶14, 20 (Ex. B). In response, TMS brought a counterclaim (Ex. C) and then an amended counterclaim (Ex. D) for a declaratory judgment of non-infringement, each time alleging in paragraph 7 that it "is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, any claim of the patents in suit."

In this Second Action, Orion alleges infringement of the <u>very same patents</u> by the <u>very same systems and methods</u> that TMS counterclaimed to declare were not infringed in the First Action. This Section Action therefore plainly alleges a claim that arose out of the same transaction or occurrence as the counterclaim in the First Action. Under the clear mandate of the

- 5 -

Federal Circuit in *Polymer*, this Second Action must be dismissed.

B.    The Doctrine of Claim Splitting Also Prohibits Asserting Claims from a
      Prior Action in a New, Second Action

This action is also barred under the doctrine of claim splitting. In *Civix-DDI, LLC v. Expedia, Inc. et al.*, No. 04-C-8031, 2005 U.S. Dist. LEXIS 9493, at *12-13 (N.D. Ill. May 2, 2005), the court applied this doctrine to similarly dismiss a second action that asserted the same patents against the same technology that was accused in a prior action.

The plaintiff in *Civix-DDI*, similar to Orion here, tried to broaden its infringement case by amending its interrogatory answers to assert additional patent claims. Like in this case, the defendant moved to strike these new infringement allegations. Before the motion was decided, however, the plaintiff withdrew the new infringement claims and, instead, filed them in a separate lawsuit. The defendants moved to dismiss the second lawsuit under Rule 12(b)(6) on multiple grounds,[2] including the doctrine of claim splitting. Defendants' motion was granted, the Court stating:

> Civix seeks to assert in the Second Action the identical patents against the identical accused technology as in the Initial Action. . . . Civix attempts to assert new patent claims that it should have timely brought in the Initial Action. The doctrine of claim splitting prevents a plaintiff from avoiding a potential adverse ruling from the Court regarding the timeliness of asserting the new claims in an initial action by attempting to assert its new claims in a second action.

*Id.* at *12-13.

The facts of the subject action present an even stronger case for dismissal. As in *Civix-DDI*, Orion initiated a second action involving "identical patents" against "identical accused technology." In *Civix-DDI*, however, the second action asserted claims in the patents that had not been asserted in the first action. Here, on the other hand, the Complaint does not even indicate that new claims are being asserted. To the contrary, the infringement charging allegations are

---

[2] Like here, the motion also alleged that the claims in the second lawsuit were compulsory counterclaims to declaratory judgment claims in the first action. The motion was also granted on this ground, citing *Polymer* as support. *Id.* At *8-9.

identical to those in the First Action, word-for-word. *See* Comparison of Infringement Charging Allegations table, *supra*. Thus, it is clearer in this case that Orion is making identical patent infringement claims against identical accused technology – the very ground for dismissal in *Civix-DDI*. *Id.* at \*12. There was also no order in *Civix-DDI* dismissing the new infringement allegations, let alone the order of dismissal with prejudice that was issued in the First Action here.

> C.      The Second Action is Also Barred Under the Collateral Estoppel Doctrine

Orion's infringement claims in the Second Action are also barred under the doctrine of collateral estoppel.

As is well known, collateral estoppel prevents re-litigation of particular issues that have actually been litigated and necessarily decided. *See, e.g., Montana v. United States*, 440 U.S. 147, 153 (1979). It protects a defendant from the burden of litigating an issue that has been fully and fairly tried in a prior action and decided against the same plaintiff. *See Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323 (1971) ("the plaintiffs [are not allowed] to litigate anew the precise questions which were decided against them in a case in which they were parties").

Here, the question of whether Orion could pursue new allegations of infringement was directly raised, addressed by the parties, and decided by this Court in the First Action. This Court concluded: "Because Plaintiff has added theories that should have been disclosed initially, and because Toyota would be prejudiced by allowing Plaintiff to add new theories at such an advanced stage in the case, the Court **GRANTS** the motion and strikes Plaintiff's amended PICs *with prejudice*" Order at p. 4 (bold emphasis in original; italic emphasis added) (Ex. G). This order not only addressed the Scion kiosks, www.scion.com and www.lexus.com, but it established the broader precedent that all untimely allegations of infringement are barred:

> Patent Rule 3-7 states that "[a]mendment or modification of the Preliminary or Final Infringement Contentions . . . may be made only by order of the Court, which shall be entered *only upon a showing of good cause*." Plaintiff has not shown good cause for amending its PICs. . . . Because Plaintiff has added theories that should have been

- 7 -

disclosed initially, and because Toyota would be prejudiced by allowing Plaintiff to add new theories at such an advanced stage in the case, the Court **GRANTS** the motion and strikes Plaintiff's amended PICs with prejudice.

*Id.*, at 3-4 (footnote omitted) (bold emphasis in original; italic emphasis added).

The timeliness of Orion's infringement allegations will also be an issue in the Second Action. However, Orion cannot re-litigate that issue. It is precluded from doing so under the doctrine of collateral estoppel. Application of this doctrine is particularly appropriate here because a significant basis for the earlier ruling was to preclude prejudice to TMS: "Plaintiff has added theories that should have been disclosed initially . . . Toyota would be prejudiced by allowing Plaintiff to add new theories at such an advanced stage in the case." *Id.* at 4. Surely, TMS would be even more prejudiced if Orion were allowed to add these new theories in a wholly separate, but co-pending action. It would force TMS to juggle and simultaneously defend against two lawsuits and to engage in months of repetitive work, re-briefing of issues, preparing for an additional Markman hearing, and the like. As articulated by the Supreme Court in *Blonder-Tongue*, the collateral estoppel doctrine was developed to protect a defendant such as TMS from just this type of burden. 402 U.S. at 323.

D.    **The Second Action Also Constitutes an Impermissible Collateral Attack on This Court's Order in the First Action**

Orion is also attempting to do exactly what the Federal Circuit (affirming Judge Maloney in the Northern District of Texas) ruled in *Glitsch, Inc. v. Koch Engineering Co., Inc.* was impermissible: initiate a collateral attack on an order in one action by filing another action. 216 F.3d 1382 (Fed. Cir. 2003).

In *Glitsch*, a motion to amend a pleading in a first action was denied as untimely. *Id.* at 1383. The moving party then filed a separate action in which it alleged the same claims it had not been allowed to raise in the first action. *Id.* The Federal Circuit held that this was legally impermissible and that there is "a strong and sensible policy against such a tactic." *Id.* at 1384. "When a court enters an order that a party does not like, the party's recourse is to seek relief on

LAS99 1411525-2.064666.0023

appeal; it is not appropriate for the party to contest the court's order by filing a new action . . . challenging the court's ruling in the first case." *Id. See, also ,Celotex Corp. v. Edwards*, 514 U.S. 300 (1995) (respondents' motion in district court for permission to execute on supersedeas bond was impermissible collateral attack on bankruptcy court's injunction in a separate action preventing creditors from proceeding against bond).

As in *Glitsch* and *Celotex*, this Second Action constitutes an impermissible collateral attack on the order in the First Action striking Orion's amended PICs as untimely. If Orion does not like this order, it may appeal that order in the First Action. However, it may not commence another lawsuit to circumvent it. As in *Glitsch* and *Celotex*, Orion's complaint in the Second Action should be dismissed.

E.     If Not Dismissed, the Second Action Should Instead Be Stayed Pending Resolution of the First Action

For the foregoing reasons, the Second Action should be dismissed. If the Court does not dismiss Orion's Second Action for any reason, it should in the alternative be stayed pending resolution of the First Action.

A court has discretion to stay a proceeding in the interest of judicial economy. *Landis v. N. Am. Co.*, 229 U.S.P.Q. 248, 254 (1936). As previously noted, the infringement charging allegations are identical in the First and Second Actions. As such, a judgment in the First Action will have *res judicata* and *collateral estoppel* effect on the Second Action, thus obviating the need to try all or at least most of the issued in the Second Action. Judicial economy would therefore be best served by allowing the well-advanced First Action to proceed to judgment before this Court embarks on any adjudication in the Second Action.

Although this is an unusual situation – where the plaintiff has filed two identical lawsuits before the same Court – there is well-established precedent that when two actions are filed, the second-filed action is usually stayed pending resolution of the first-filed action. *See, e.g., William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177m 178 (2d Cir. 1969) ("[A]s a principle of sound judicial administration, the first suit should have priority."); *Joseph Bancroft*

- 9 -

*& Sons Co. v. Spunize Co. of Am.*, 268 F.2d 522, 524 (2d Cir. 1959) ("The law seems clear that where two suits are filed in different forums, the first has priority."). A well-known patent treatise offers similar guidance:

> It will be apparent that when the same issues are presented in two different courts, and their determination will be binding upon the parties under the principles of res judicata or collateral estoppel, it will not be necessary to have two trials. Instead, the first judgment which is entered will dispose of the controversy, for it can be raised in the second case as a bar.

*Patent Litigation: Procedure & Tactics*, Horwitz, Horwitz, White, Caldwell & Lynch (May 2005) §4.02[3][a].

Orion is wasting the time and resources of this Court and of all parties by pursuing claims in this Second Action that are identical to those already pending in the First Action. Even if the Second Action is not dismissed, it should at the very least be stayed pending final resolution of the very same claims that are currently being litigated in this Court in the First Action.

## III.   CONCLUSION

For the foregoing reasons, TMS respectfully requests that the Court dismiss this action, with prejudice, or, in the alternative, stay this action until there is a final judgment in the First Action.

Dated: August 3, 2005                    By:

J. Thad Heartfield
Texas Bar No. 09346800
HEARTFIELD & MCGINNIS, L.L.P.
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Fax: (409) 866-5789
E-mail: thad@heartfieldmcginnis.com

AND

- 10 -

Mark P. Wine
MCDERMOTT, WILL & EMERY, LLP
2049 Century Park East, 34th Floor
Los Angeles, California 90067-3208
Telephone: (310) 277-4110
Fax: (310) 277-4730
E-mail: mwine@mwe.com

AND

Jennifer L. Yokoyama
MCDERMOTT, WILL & EMERY, LLP
18191 Von Karman Avenue, Suite 500
Irvine, California 92612
Telephone: (949) 851-0633
Fax: (949) 851-9348
E.-mail: jyokoyama@mwe.com


ATTORNEYS FOR DEFENDANT
TOYOTA MOTOR SALES, USA, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this pleading was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 3rd day of August, 2005.

J. Thad Heartfield