IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **ORION IP, LLC** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. 2:05-CV-306 |
| | § | |
| **HOME DEPOT USA, INC., ET AL.** | § | |
| | § | |
| Defendants | § | |

# ORDER

Before the Court is Toyota Motor Sales U.S.A., Inc's ("Toyota") Motion to Dismiss or Stay (Docket No. 6). This written order memorializes the Court's ruling from the bench on October 3, 2005.

In 2:04-cv-297 (the "First Action"), this Court struck Orion's amended preliminary infringement contentions ("PICs") against Toyota with prejudice because Orion failed to show good cause for doing so. *See* Docket No. 171 (July 7, 2005). The Court concluded that the information contained in the amended PICs was publicly available to Orion at the outset of the case and that Toyota would be prejudiced by allowing Orion to bring new theories of infringement at an advanced stage of the case. On the same day this order issued, Orion filed this lawsuit (the "Second Action") against Toyota bringing the same allegations that were struck by the Court in the First Action. Toyota now moves to dismiss the allegations against it in this case based on the Court's prior order striking Orion's amended PICs with prejudice.

The Court agrees with Toyota that the allegations in the second action are barred by the doctrine of claim splitting. This doctrine provides that litigants are prohibited from splitting their claims into multiple actions when the litigant should have brought the claims in a single action. *See*

*Civix-DDI, LLC v. Expedia, Inc.*, 2005 WL 1126906 (N.D. Ill. May 2, 2005); *American Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 91 (S.D.N.Y. 2002).  Specifically, in patent cases before this Court, the "Patent Rules demonstrate high expectations as to plaintiff's preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun." *American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F.Supp.2d 558, 560 (E.D. Tex. 2005) (Davis, J.).  To this end, plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great specificity their theories of infringement at the outset of the case.  *See STMicroelectronics, Inc. v. Motorola*, 308 F.Supp.2d 754, 755 (E.D. Tex. 2004) (Davis, J.).[1]  In the First Action, the Court found that allowing Orion to amend its PICs with information that was publicly available would be "contrary to the Patent Rules and prejudicial to defendants, who must rely on the specific positions articulated in the PICs to build their case." *See* Order at *4.  Similarly, allowing Orion to allege the same theories of infringement against Toyota that were previously struck would undercut the purpose of the patent rules and would prejudice Toyota.

As to the prejudice to Toyota, the Court notes that while Orion has brought these allegations in a "new" case, there is really nothing new about them.  The allegations brought in the Second Action are based on the same patents, presumably the same claims, and information that was available to Orion from the outset of the First Action.  In other words, this is not a situation where a plaintiff desires to assert new patents or brings new infringement contentions based on information previously unavailable.  When a plaintiff serves its PICs, a defendant must have some assurance that, absent new information gleaned during the discovery process or information solely in the possession

---

[1] *See also Connectel, LLC v. Cisco Systems, Inc.*, 2:04-cv-396 Docket No. 61 (May 23, 2005).

of the defendant, these are the contentions the defendant must defend against as to the asserted patents. In sum, the Court finds that the doctrine of claim splitting prevents Orion from bringing claims in a second action that should have been timely brought in the first action.[2]

Furthermore, the Court finds that by bringing the Second Action, Orion is engaging in an impermissible collateral attack on this Court's prior order. *See Glitsch, Inc. v. Koch Eng' Co., Inc.*, 216 F.3d 1382, 1384 (Fed. Cir. 2000). While Orion may disagree with the Court's ruling on the timeliness of its contentions, it must seek relief on appeal rather than filing another lawsuit.

For the foregoing reasons, Toyota's Motion to Dismiss is **GRANTED** and the allegations against Toyota in this case are dismissed.

**So ORDERED and SIGNED this 7th day of October, 2005.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

---

[2]The Court also notes the *Civix* court's observation that a court may "dismiss an action 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" *Id*. at *4 (citing *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)).